IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO THREATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 06-1064-T/An |
| | ) | |
| MR. DELANNO, | ) | |
| | ) | |
| Defendant. | ) | |

---

ORDER ASSESSING $250 CIVIL FILING FEE
ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Mario Threatt, Tennessee Department of Correction prisoner number 358440, an inmate at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 29, 2006, along with a motion seeking appointment of counsel. The Clerk shall record the defendant as Mr. Delanno, the safety manager at the WCF.

I. Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C.

§ 1914(a).[1] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted an *in forma pauperis* affidavit and a certified copy of his trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's

---

[1] Although the civil filing fee increased to $350 on April 9, 2006, at the time plaintiff commenced this action, the filing fee was $250.

account during the preceding month, but only when the amount in the account exceeds $10, until the entire $250 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order. The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the WCF to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees. However, the Clerk shall not issue process or serve any other papers in this case.

II. Analysis of Plaintiff's Claims

The complaint alleges that the plaintiff was bitten by a spider on December 26, 2005. He complains that his cell had not been sprayed for insects for many months. The plaintiff seeks monetary compensation.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Even claims that have not been exhausted may be dismissed on the merits. 42 U.S.C. § 1997e(c)(2).[2] Plaintiff's complaint is subject to dismissal in its entirety.

The Eighth Amendment prohibits cruel and unusual punishment. See generally Wilson v. Seiter, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson, 501 U.S. at 298; Brooks v. Celeste, 39 F.3d 125, 127-28 (6th Cir. 1994); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The objective component requires that the deprivation be "sufficiently serious." Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 298. The subjective component requires that the

[2] In this case, the plaintiff filed a grievance that named the defendant. In response to his grievance, his cell was sprayed for insects; therefore, the plaintiff did not pursue any appeal. He has, arguably, complied with 42 U.S.C. § 1997e(a).

official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 297, 302-03. The official's intent must rise at least to the level of deliberate indifference. Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303.

In order to satisfy the objective component of an Eighth Amendment claim, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm," Farmer, 511 U.S. at 834; Stewart v. Love, 796 F.2d 43, 44 (6th Cir. 1982), or that he has been deprived of the "minimal civilized measure of life's necessities," Wilson, 501 U.S. at 298 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The Constitution "'does not mandate comfortable prisons.'" Wilson, 501 U.S. at 298 (quoting Rhodes, 452 U.S. at 349). Rather, "routine discomfort 'is part of the penalty that criminal offenders pay for their offenses against society.'" Hudson, 503 U.S. at 9 (quoting Rhodes, 452 U.S. at 347).

In considering the types of conditions that constitute a substantial risk of serious harm, the Court considers not only the seriousness of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency, *i.e.*, that society does not choose to tolerate this risk in its prisons. Helling v. McKinney, 509 U.S. 25, 36 (1993).

As a preliminary matter, the complaint does not allege the objective component for an Eighth Amendment violation. The complaint alleges that the plaintiff was, on a single occasion, bitten by a spider. This allegation does not remotely approach the type of sustained

exposure to unsanitary or hazardous conditions that may violate the Eighth Amendment.[3] Likewise, the complaint, on its face, admits that the plaintiff received medical treatment for the bite and that, in response to his grievance, his cell was sprayed for insects.

The complaint also does not establish the subjective component of an Eighth Amendment violation. To establish liability under the Eighth Amendment for a claim based on failure to prevent harm to a prisoner, a plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. Farmer, 511 U.S. at 834; Helling v. McKinney, 509 U.S. 25, 32 (1993); Woods v. Lecureux, 110 F.3d 1215, 1222 (6th Cir. 1997); Street v. Corrections Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996); Taylor v. Michigan Dep't of Corrections, 69 F.3d 76, 79 (6th Cir. 1995). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835. Thus:

> [a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Eighth Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act

[3] See, e.g., Geder v. Godinez, 875 F. Supp. 1334, 1341 (N.D. Ill. 1995) (allegations of unsanitary conditions, "including the presence of defective pipes, sinks, and toilets, improperly-cleaned showers, a broken intercom system, stained mattresses, accumulated dust and dirt, and infestation by roaches and rats" not sufficient serious to satisfy the objective component of an Eighth Amendment violation); Wilson v. Schomig, 863 F. Supp. 789, 794-95 (N.D. Ill. 1994) (allegations that plaintiff's "cell contained dirt, dust and roaches, and that his ceiling leaked during rainstorms" are "not sufficiently serious" to violate the Eighth Amendment); cf. Ford v. LeMire, No. 03-CV-10176-BC, 2004 WL 1234137, at *4 (E.D. Mich. June 1, 2004) (noting that, although a spider bite sometimes results in serious medical complications, a delay in treating a bite does not satisfy the objective component of an Eighth Amendment violation where the plaintiff suffered only "minor discomfort and a fever").

> or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38 (emphasis added; citations omitted); see also Lewellen v. Metropolitan Gov't of Nashville & Davidson County, 34 F.3d 345, 348 (6th Cir. 1994) ("[T]he defendants obviously did not make a deliberate decision to inflict pain and bodily injury on the plaintiff. The defendants may have been negligent, but it is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest.").

In this case, the complaint alleges, at most, that the defendant was negligent in failing to spray the plaintiff's cell on a regular basis. The complaint does not allege that there is a serious spider problem at the WCF or that the defendant failed to spray the plaintiff's cell in response to previous complaints. Nothing in the complaint suggests that the defendant's conduct rose to the level of deliberate indifference.[4]

The Court therefore DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), for failure to state a claim on which relief may be granted. The motion for appointment of counsel is DENIED as moot.

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this

---

[4] If the WCF has a contract with a pest control company that provides regular spraying, as the response to the grievance states, one district court in this circuit has concluded that the subjective component of an Eighth Amendment violation is not satisfied. Tucker v. Rose, 955 F. Supp. 810, 816-17 (N.D. Ohio 1997).

decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[5] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(a)-(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.

---

[5] Effective April 9, 2006, the fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee.

IT IS SO ORDERED.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE